UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESUS AGUIRRE,

    Plaintiff,

    v.

CITY & COUNTY OF SAN FRANCISCO,

    Defendant.

                                       /

No. C 08-2928 PJH

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

The motion of defendant City & County of San Francisco ("the City") to dismiss came on for hearing before this court on October 29, 2008. Plaintiff Jesus Aguirre ("Aguirre") appeared *pro se*. The City appeared through its counsel, Michael Guerrero. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the City's motion to dismiss.

**BACKGROUND**

Aguirre had worked as a General Laborer for the City for twelve years when he suffered a back injury at work on March 31, 2000. See Defendant's Request for Judicial Notice ISO Motion to Dismiss ("Judicial Notice"), Ex. A and C. He was placed on temporary disability for approximately eight months, at which time his doctor gave him clearance to return to work with certain restrictions. Judicial Notice, Ex. A and F. When he contacted the City to return to work, the City informed him that no employment was available due to his restrictions. Judicial Notice, Ex. F.

More than three years later, on June 24, 2004, Aguirre filed an employment discrimination complaint in this court against the City for disability discrimination. Judicial Notice, Ex. A. Aguirre had requested appointment of counsel, but his first motion was denied on July 1, 2004 for his failure to make diligent efforts to secure counsel on his own, without prejudice to the subsequent request if diligent efforts were made. In the order denying his motion for appointment of counsel, the court also noted that a claim should have been filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act under the Americans with Disabilities Act ("ADA"), that Aguirre had filed his EEOC claim on February 23, 2004, and that he had provided no reason for waiting over three years to file his claim. Because this issue was not jurisdictional, the court declined to sua sponte dismiss Aguirre's case at the time but ordered him to show cause why the case should not be dismissed as untimely. The court ordered the explanation to be filed by September 1, 2004. Judicial Notice, Ex. B.

On September 1, 2004, Aguirre submitted a First Amended Complaint ("FAC"). The FAC additionally alleged age and racial discrimination. It did not, however, explain the delay in filing his EEOC claim or his federal complaint. Judicial Notice, Ex. C. On September 10, 2004, this court dismissed Aguirre's case with prejudice as time-barred. Judicial Notice, Ex. D.

Although the date is unclear, Aguirre subsequently filed an EEOC charge in 2008, again alleging the City's discriminatory conduct and alleging the same basic facts against the City as alleged in the FAC in his previously dismissed law suit. The charge itself is unsigned and undated, but has appended to it Aguirre's customized complaint to the EEOC dated February 23, 2005. While the charge itself refers to a February 23, 2005 date as the date the discrimination took place, the customized complaint refers only to the March 31 2000 date of injury. On April 30, 2008, the EEOC dismissed his charge as untimely. Judicial Notice, Ex. F.

1  On June 12, 2008, Aguirre filed another employment discrimination complaint ("2008 complaint") against the City in this court, again alleging the same facts. Judicial Notice, Ex. F.

The City now moves to dismiss Aguirre's 2008 complaint under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), arguing that the new suit is barred by res judicata, collateral estoppel, and the statute of limitations. Aguirre did not file an opposition, but apparently submitted a response to the motion directly to the City, which filed it on his behalf.

**DISCUSSION**

A.   Legal Standard

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauai Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). In order to survive a dismissal motion, however, a plaintiff must allege facts that are enough to raise his/her right to relief "above the speculative level." See Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007). While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Twombly, 127 S. Ct. at 1974.

B.   Legal Analysis

The City makes two arguments in support of its motion to dismiss. First, it argues that the instant case is barred by res judicata and collateral estoppel because it involves the same parties and is based on the same cause of action as the 2004 case, which was dismissed with prejudice by this same court. Second, the City argues that Aguirre's complaint is barred by the statute of limitations and may be dismissed independently on this basis.

1.   Res Judicata and Collateral Estoppel

3

1  Under the res judicata doctrine, a judgment on the merits in a prior suit bars a
2  second suit involving the same parties or their privies based on the same cause of action.
3  Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, n. 5 (1979).  In California, suits are
4  based on the same cause of action if they are based on the same "primary right."  Mycogen
5  Corp. v. Monsanto Co., 28 Cal. 4th 888, 904 (2002).  A plaintiff's primary right is simply his
6  "right to be free from the particular injury suffered."  Id. (internal citations omitted).  Here,
7  the dismissal of the 2004 case by this court was with prejudice and therefore precludes the
8  instant suit, which involves the same parties and the same alleged discriminatory acts.  See
9  Semtek v. Lockheed Martin, 531 U.S. 497, 505 (2001) (stating that dismissal with prejudice
10 is "an acceptable form of shorthand" for an adjudication on the merits).

11  Collateral estoppel, in contrast, bars "successive litigation of an issue of fact or law
12 actually litigated and resolved in a valid court determination essential to the prior judgment."
13 New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001).  Here, the statute of limitations
14 issue was actually litigated and resolved in 2004.  The court afforded Aguirre an opportunity
15 to show cause why he waited over three years to file a claim with the EEOC.  See Judicial
16 Notice, Ex. B.  He failed to show cause, and the court found no reason to toll the statute of
17 limitations.  See Judicial Notice, Ex. D.  Accordingly, the court dismissed the 2004 case as
18 time-barred.  Id.  That dismissal thus effectively bars the instant action under collateral
19 estoppel.

20  In short, the 2008 complaint is precluded by either res judicata or collateral estoppel.
21 Given that Aguirre has not alleged any new facts in the 2008 complaint, the court GRANTS
22 the City's motion to dismiss under FRCP 12(b)(6) on these grounds.

23  2.  Statute of Limitations

24  In his response to the City's statute of limitations argument, Aguirre argues that he
25 timely filed his 2008 complaint.  He points to the EEOC Dismissal and Notice of Rights
26 letter, dated April 30, 2008, stating, "You may file a lawsuit against the respondent(s) under
27 federal law based on this charge in federal or state court.  Your lawsuit **must be filed**
28 **WITHIN 90 DAYS of your receipt of this notice**."  Judicial Notice, Ex. F (emphasis in

4

original).  Thus, Aguirre argues that his 2008 complaint was timely filed on June 12, 2008, which is within ninety days of his receipt of the notice.

While the court agrees that Aguirre's complaint was timely with respect to ninety the days provided in the right to sue notice, his complaint is still not viable because he did not timely exhaust his administrative remedies prior to bringing suit.  To sue under the ADA, Aguirre must first have filed a charge with the EEOC within 300 days of the alleged discriminatory act.  42 U.S.C. § 2000e-5(e)(1).  If the EEOC does not bring suit based on the charge, the EEOC must notify Aguirre that he can file suit.  42 U.S.C. § 2000e-5(f)(1).  The notice is accomplished through a right-to-sue letter, which is the Dismissal and Notice of Rights letter here.  Once Aguirre receives a right-to-sue letter, he has ninety days to file suit.  Id.

Here, Aguirre did not comply with the statute of limitations because his claim was not filed with the EEOC within 300 days of the alleged discriminatory act.  The alleged discriminatory act occurred in November 2000, almost eight years ago, and well beyond the 300 days allowed by the statute of limitations.  As noted above, although February 23, 2005 appears as the date of the latest discriminatory act on the EEOC charge, the complaint itself does not allege any new discriminatory acts since November 2000 when the City refused to allow Aguirre to resume his previous employment.[1]  In either case, even assuming February 23, 2005 is the date of the latest discriminatory act, Aguirre's charge was not filed within the 300 days permitted by statute.  Therefore, this action is time-barred. Since Aguirre has not pled any facts that would warrant a tolling of the statute of limitations, the court accordingly GRANTS the City's motion to dismiss under FRCP 12(b)(6).

## CONCLUSION

For the foregoing reasons, the court hereby GRANTS the City's motion to dismiss. The court finds that any amendment would be futile, and hence the dismissal is with

---

[1] At the hearing, Aguirre seemed to argue that his 2008 charge was timely because of some discriminatory act occurring in September 2007.  However, the charge, like his federal complaint, only refer to the March 2000 injury date, and not to any act occurring in 2007, which of course Aguirre would be free to pursue as a separate and distinct injury.

5

prejudice. The November 13, 2008 case management conference is vacated. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 4, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

6